**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3580-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANNAMARIE TIERNO, a/k/a
ANNA MARIE TIERNO,

    Defendant-Appellant.

_____

Argued May 21, 2026 – Decided August 7, 2026

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 22-12-3623.

Lucas B. Slevin, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Lucas B. Slevin, of counsel and on the briefs).

Maura M. Sullivan, Assistant Prosecutor, argued the cause for respondent (Grace C. MacAulay, Camden County Prosecutor, attorney; Maura M. Sullivan, of counsel and on the brief).

PER CURIAM

Defendant Annamarie Tierno appeals from a May 10, 2024 judgment of conviction after pleading guilty to third-degree money laundering, N.J.S.A. 2C:21-25(a). Having reviewed the record of her guilty plea and governing legal principles, we affirm.

I.

On December 8, 2022, in a twenty-eight-count indictment, defendant was charged with one count of third-degree money laundering and financial facilitation, N.J.S.A. 2C:21-25(a) and/or (b). The remaining counts of the indictment charged five co-defendants with drug distribution and related charges stemming from a "yearlong investigation" into an alleged drug trafficking network.

Defendant moved to dismiss the money laundering charge, which the trial judge denied. On January 30, 2024, defendant pled guilty to money laundering in exchange for the State recommending a two-year term of non-custodial probation.

During the factual basis of the plea, defendant admitted the following:

> Q: [O]n or about September 22, 2022, . . . you had a home; is that correct?
>
> A: Yes.

A-3580-23

Q: And you received some money for that home, correct?

A: Yes.

Q: And you engaged in – did you engage in the transaction of violent property[1] known to derive from the criminal activity?

A: Yes.

Q: And you put the property in a bank, right?

A: Yes.

    . . . .

Q: Did you intend to conceal the nature of the proceeds?

A: No.

    . . . .

Q: Ms. Tierno, did you sell your house to an individual?

A: Yes.

Q: And you knew that the proceeds that you were receiving for that house were proceeds – money derived from criminal activity; is that correct?

[Defense Counsel]: Is that correct?

---

[1] In her brief, defendant states that the reference to "violent property" seems to be a misstatement or scrivener's error as the money laundering statute makes no reference to it. See N.J.S.A. 2C:21-25.

3

A-3580-23

Q: If you don't –

A: Yes. I guess.

Q: Okay.

A: Yes.

    . . . .

Q: And you knew [] [the] money you were depositing into the account you created that day, correct?

A: Yes.

Q: And [were] proceeds of criminal activity, correct?

A: Yes.

    . . . .

Q: And the criminal activity that you knew what – that this person was involved with drug sales, correct?

A: Yes.

Defendant admitted that she opened a bank account that day and deposited the cash she received into this account. She also admitted knowing that the money she deposited was the proceeds of criminal activity. Satisfied that defendant's plea was entered knowingly and voluntarily, and that there was an adequate factual basis for it, the judge accepted defendant's guilty plea. The plea agreement also recommended that defendant "[forfeit] . . . whatever interest

4

[she] may have had in the $55,000 that was deposited in the bank account" as proceeds of the sale of her home. The plea was also contingent on co-defendants pleading guilty.

On May 10, 2024, defendant was sentenced consistent with the negotiated plea agreement and forfeited the money she received for the sale of the house. The judgment of conviction stated that defendant's final charge was for third-degree money laundering-transportation/possession of criminal property, N.J.S.A. 2C:21-25(a).

Defendant raises the following arguments for our consideration:

> POINT I
>
> DEFENDANT'S GUILTY PLEA MUST BE VACATED BECAUSE (A) UNDER THE CORRECT INTERPRETATION OF THE MONEY LAUNDERING STATUTE THE FACTUAL BASIS OF HER GUILTY PLEA WAS INSUFFICIENT FOR A CONVICTION, AND (B) THE COURT'S INTERPRETATION OF THE STATUTE IS UNENFORCEABLE AGAINST DEFENDANT BECAUSE IT IS [UNCONSTITUTIONALLY] VAGUE AS APPLIED.
>
> > A. The Factual Basis Of Defendant's Guilty Plea Does Not Constitute Criminal Conduct Under The Money Laundering Statute When Properly Construed To Comport With Principles Of Statutory Interpretation And To Avoid Constitutional Defect.

A-3580-23

i. Under the plain language of the money laundering statute, transactions involving property derived from criminal activity may only be prosecuted under subsection (b) of N.J.S.A. 2C:21-25.

ii. This [c]ourt must construe N.J.S.A. 2C:21-25 in this manner to avoid rendering the statute unconstitutionally vague as applied to [d]efendant's conduct.

iii. Upon application of this interpretation of the statute, [d]efendant's plea must be vacated because the factual basis was insufficient to establish the necessary elements of N.J.S.A. 2C:21-25.

B. If This Court Does Not Construe The Money Laundering Statute This Way To Avoid a Constitutional Defect, The Court Must Find The Statute Unconstitutionally Vague As Applied To Defendant.

## II.

"The standard of review of a trial court's denial of a motion to vacate a plea for lack of an adequate factual basis is de novo." State v. Urbina, 221 N.J. 509, 528 (2015) (quoting State v. Tate, 220 N.J. 393, 404 (2015)). "That is so because '[a]n appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential

A-3580-23

elements of an offense.'" State v. E.J.H., 466 N.J. Super. 32, 37 (App. Div.

2021) (alteration in original) (quoting Tate, 220 N.J. at 404).

Under New Jersey's Criminal Code, money laundering occurs in any one

of three instances set forth in subsections (a), (b), and (c) of N.J.S.A. 2C:21-25.

For purposes of this appeal, the relevant subsections are (a) and (b) which

provide:

> a. transports or possesses property known or which a reasonable person would believe to be derived from criminal activity; or
>
> b. engages in a transaction involving property known or which a reasonable person would believe to be derived from criminal activity
>
> > (1) with the intent to facilitate or promote the criminal activity; or
> >
> > (2) knowing that the transaction is designed in whole or in part:
> >
> > > (a) to conceal or disguise the nature, location, source, ownership or control of the property derived from criminal activity; or
> > >
> > > (b) to avoid a transaction reporting requirement under the laws of this State or any other state or of the United States; or . . .
>
> [N.J.S.A. 2C:21-25(a) and (b).]

We begin with defendant's contention that her guilty plea must be vacated because the factual basis she gave was inadequate to sustain a conviction for money laundering under either N.J.S.A. 2C:21-25(a) or (b) when properly interpreted. Defendant argues that transactions involving property derived from criminal activity should only be prosecuted under subsection (b) of N.J.S.A. 2C:21-25, and not under subsection (a), which addresses possession or transportation. Defendant asserts that any other interpretation of the statute improperly merges the two subsections rendering subsection (b) surplusage and impermissibly vague.

The State counters that the plain language of the statute supports defendant's conviction under subsection (a), as she admitted to possessing the proceeds of criminal activity by depositing the money into a bank account she set up. The State maintains that possession and transactions are two distinct concepts under the statute. Thus, defendant's prosecution under subsection (a) does not render subsection (b) surplusage or the statute unconstitutionally vague. The State also asserts that defendant's admissions established the two requisite elements of money laundering under subsection (a) of the statute.

The two essential elements of money laundering under N.J.S.A. 2C:21-25(a) are that a person: (1) knowingly transports or possesses property; and (2)

A-3580-23

that they knew was, or a reasonable person would have believed to be, derived from criminal activity. (Emphasis added). In this case, defendant admitted depositing money in a bank account which she created and thus had access to. Defendant argues that the facts as admitted were insufficient to acknowledge possession of the criminal proceeds, and claims she only admitted to "transacting" with the criminal property and did not admit to "possessing" it. We are unpersuaded.

As our Supreme Court has expressed:

> The law recognizes three distinct forms of possession, actual, constructive, and joint. A person has actual possession of an object when he [or she] has physical or manual control of it. Alternatively, a person has constructive possession of an object when, although he [or she] lacks physical or manual control, the circumstances permit a reasonable inference that he [or she] has knowledge of its presence, and intends and has the capacity to exercise physical control or dominion over it during a span of time.
>
> [State v. Morrison, 188 N.J. 2, 14 (2006) (internal quotation marks and citations omitted).]

In order to establish possession of property, "[p]hysical or manual control of the proscribed item is not required as long as there is an intention to exercise control over it manifested in circumstances where it is reasonable to infer that the capacity to do so exists." State v. Brown, 80 N.J. 587, 597 (1979). Thus,

9

constructive possession exists when a person intentionally obtains a measure of "control or dominion over the [property]" although they are under the physical control of another. Morrison, 188 N.J. at 12.

Defendant's admission that she opened a bank account over which she had control and deposited the money into this account amounts to constructive possession. Defendant's admissions satisfy the first element of the money laundering statute under subsection (a).

Defendant next admitted that she knew the "proceeds" she deposited into the bank were the proceeds of criminal activity. In response to a question asked by her attorney during her plea colloquy, defendant admitted knowing that the person who bought her house and gave her $55,000 in cash "was involved with drug sales." These admissions satisfy the second element of the money laundering statute, namely, that the money she received for the sale of her house was proceeds of criminal activity. Thus, the judge, "satisfied from the lips of the defendant," that there was an adequate factual basis, properly accepted her guilty plea. Urbina, 221 N.J. at 526 (quoting State v. Smullen, 118 N.J. 408, 415 (1989) (quoting State v. Barboza, 115 N.J. 415, 422 (1989))). We hold that defendant's admissions during the plea colloquy satisfy the elements of money laundering under N.J.S.A. 2C:21-25(a).

10

Defendant next contends that if the act of depositing the money into a bank account suffices to convert conduct of a transaction into possession, then there would be no need to prosecute conduct under subsection (b).  In other words, subsection (a) would "swallow" subsection (b), resulting in subsection (b) becoming "unnecessary surplusage."  This argument is unavailing.

At the outset, we underscore that the primary goal of statutory interpretation "is to determine as best [as possible] the intent of the Legislature, and to give effect to that intent."  State v. Lenihan, 219 N.J. 251, 262 (2014) (quoting State v. Hudson, 209 N.J. 513, 529 (2012)).  "[T]he best indicator of that intent is the plain language chosen by the Legislature."  State v. Gandhi, 201 N.J. 161, 176 (2010) (citing DiProspero v. Penn, 183 N.J. 477. 492 (2005)).  "When the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids."  State v. Shelley, 205 N.J. 320, 323 (2011) (citing State v. D.A., 191 N.J. 158, 164 (2007)).

We examine the plain language of the money laundering statute.  Gandhi, 201 N.J. at 176.  These two subsections—(a) and (b)—criminalize two distinct forms of conduct; subsection (a) refers to possession while subsection (b) refers to transactions.  See State v. Harris, 373 N.J. Super. 253, 263 (App. Div. 2004)

11

("The text of N.J.S.A. 2C:21-25 makes clear by use of the designations (a) or (b) or (c) that it criminalizes three distinct types of conduct.") Defendant argues that every act of possession involves a transaction; however, the plain text of the statute does not support this contention.

"[S]ubsection (b) criminalizes two separate and distinct criminal acts if the person 'engages in a transaction involving property known . . . to be derived from criminal activity.'" Harris, 373 N.J. Super. at 264 (quoting N.J.S.A. 2C:21-25(b)). Subsection (b), in other words, "criminalizes two types of transactions involving property known to be derived from criminal activity." State v. Marias, 463 N.J. Super. 526, 532 (App. Div. 2020) (alteration omitted). The first requirement of this subsection is that an actor "engages in a transaction" without a requirement to possess the property. N.J.S.A. 2C:21-25(b). The second requirement is that the actor engaged in the transaction: "(1) with the intent to facilitate or promote the criminal activity; or (2) kn[ew] that the transaction is designed in whole or in part: (a) to conceal or disguise the . . . property derived from the criminal activity . . . ." N.J.S.A. 2C:21-25(b)(1), (2)(a). The plain language of the statute does not require both possession and transaction under subsection (b). Even if a transaction leads to possession, subsection (b) is not rendered surplusage because there are additional requirements to criminalize the

12

conduct under this subsection, namely, the requirements of either facilitation or promotion of the criminal activity, or concealment.

Here, defendant accepted the proceeds knowing they were from criminal activity and placed them into a bank account she set up. Thus, we are satisfied that the judge's decision to accept defendant's guilty plea as knowing and voluntary was supported by an adequate factual basis and grounded in credible evidence.

Having rejected defendant's assertion that her factual basis was insufficient to satisfy the elements under N.J.S.A. 2C:21-25(a), defendant urges us to find the statute unconstitutionally vague. We decline to do so for two reasons. First, having discerned no error in the court's acceptance of defendant's guilty plea, we need not reach the constitutional issue. See State v. J.H.P., 478 N.J. Super. 262, 283 (2024) ("As a general rule, our courts strive to avoid reaching constitutional issues unless they are 'imperative to the disposition of the litigation.'" (Quoting Strategic Env't Partners, LLC v. N.J. Dep't of Env't Prot., 438 N.J. Super. 125, 147 (App. Div. 2014))).

Second, "[g]enerally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State v.

13

Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988)). "When a criminal defendant has solemnly admitted in open court that [they are] in fact guilty of the offense with which [they are] charged, [they] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Knight, 183 N.J. 449, 470 (205) (quoting Tollet v. Henderson, 411 U.S. 258, 267 (1973)).

"A presumption of validity attaches to every statute." State v. Hill, 256 N.J. 266, 280 (2024) (quoting State v. Lenihan, 219 N.J. 251, 265-66 (2014)). "Courts 'are obligated to construe a challenged statute to avoid constitutional defects if the statute is reasonably susceptible of such construction.'" Lenihan, 219 N.J. at 266 (quoting Cnty. of Warren v. State, 409 N.J. Super. 495, 506 (App. Div. 2009)).

There are limited exceptions to this general rule; an issue that goes "to the jurisdiction of the trial court or concern[s] matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. 542, 548 (App. Div. 1959)). Moreover, as the Court explained in State v. Knight, there are generally only three exceptions to the waiver rule provided by Court Rule. 183 N.J. at 471; see also State v. Wakefield, 190 N.J. 397, 417 n.1 (2007). The first, expressly provided for by

14

Rule 3:5-7(d), permits a defendant to challenge an unlawful search and seizure of physical evidence on appeal after entering a guilty plea. Knight, 183 N.J. at 471. The second, expressly permitted by Rule 3:28(g), permits an appeal of an order denying entry into the pre-trial intervention program after a guilty plea. Ibid. The third exception provides that a defendant may appeal those adverse decisions specifically reserved by a conditional guilty plea entered in accordance with the Rule. Ibid. In the present case, we are not persuaded that defendant's constitutional claim fits into any of the limited exceptions.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3580-23